# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **EDWARD PERREY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 3:06-CV-0617 AS |
| | ) |
| **J. DAVID DONAHUE,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## *OPINION AND ORDER*

When Edward Perrey filed his complaint in this case, he was a prisoner committed to the Indiana Department of Correction. The court granted Mr. Perrey leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Mr.Perrey has not yet paid the full filing fee in this action, but has paid the initial partial filing fee.

Mr. Perrey has now been released from custody and is no longer confined in any jail or penal facility. Section 1915(b)(1) requires a person who files a civil action or civil appeal while he is a prisoner to pay the full filing fee even if he is released before the filing fee is paid in full. *Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(2), contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release

from incarceration means that there is no longer a prison trust account from which to withdraw payments. Section 1915(b)(4) "provides that a case may continue even if the prisoner is unable to pay anything." *Id.* at 897.

The Seventh Circuit has held that where a prisoner is released before paying the filing fee in full, he must pay any initial partial filing fee that is assessed, and any installment payments justified by the income to his prisoner trust account. *Robbins v. Switzer,* 104 F.3d at 897-8. But after his release, Section 1915(b)(4) permits a former prisoner who has paid the initial partial filing fee assessed under Section 1915(b)(1) and any installment payments due under Section 1915(b)(2), to be excused from further payments on the filing fee if he is destitute. *Id.* at 898.

Mr. Perrey has made the payments required under Section 1915(b)(1) and Section 1915(b)(2). He has now filed another petition to proceed *in forma pauperis* as a nonprisoner. Review of his petition establishes that he is has not been employed since his release from custody and is undergoing medical treatment that precludes him from being gainfully employed. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), Mr. Perrey is currently entitled to proceed without making further payments on the filing fee. "Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer,* 104 F.3d at 898, *citing McGill v. Faulkner,* 18 F.3d 456 (7th Cir. 1994). So, if Mr. Perrey prevails in this case, or he is ultimately unsuccessful but his financial situation has improved, he may still be required to make further payments toward fees and costs.

For the foregoing reasons, the court **GRANTS** the plaintiff's motion to proceed *in forma pauperis* [docket #17] and **DISCHARGES** him from the requirement imposed by the order issued on October 16, 2006, that he make installment payments toward the filing fee. The court **DIRECTS** the clerk's office to close the ledger opened to receive installment payments toward the filing fee in this case and note on the ledger that Mr. Perrey has been discharged from making any further payments toward the filing fee.

**IT IS SO ORDERED.**

**ENTERED**: April 4, 2007

S/ ALLEN SHARP<br>
**ALLEN SHARP, JUDGE**<br>
**UNITED STATES DISTRICT COURT**