UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD PERREY, | ) |
| | ) |
| Plaintif | ) |
| | ) |
| vs. | )  CAUSE NO. 3:06-CV-617 AS |
| | ) |
| J. DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Edward Perrey submitted a complaint under 42 U.S.C. § 1983, while he was a prisoner confined at the Westville Correctional Facility ("WCF"), seeking damages and injunctive and declaratory relief. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Perrey alleges that he tested positive for Hepatitis C while he was at the Indiana Department of Correction ("IDOC") Reception and Diagnostic Center. He asserts that when he arrived at the WCF, he immediately began filling out health request forms seeking treatment for Hepatitis C. He alleges that IDOC policy states that a prisoner can be treated

if his enzyme level is three times the acceptable limit. He further alleges that although his enzyme level has been as high as eight times the acceptable limit, the defendants never took the steps to do a complete work-up to determine what treatment he needed, and never provided him any treatment. He asserts that the defendants' indifference to his liver condition caused "irreparable degeneration of the Plaintiff's liver because of [his] untreated diagnosed condition." (Complaint ¶ 4). According to his complaint, Nurse Barbara Brubaker told him "I need treatment because my liver is definitely being damaged as a result" of not being treated. (Complaint ¶ 36). Finally, Mr. Perrey alleges that he was continually "'sick', in pain, and suffered symptoms generally associated with this disease." (Complaint ¶ 26).

Mr. Perrey brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

In his first claim for relief, Mr. Perry alleges that the defendants' conduct violated rights protected by the Eighth Amendment's cruel and unusual punishments clause, the Fourteenth Amendment's due process and equal protection clauses, 42 U.S.C. § 12101 *et seq.* and 29 U.S.C. § 794 section 504. (Complaint ¶ 50).

3

I. EIGHTH AMENDMENT CLAIMS

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in Farmer v. Brennan and Wilson v. Seiter is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. Billman v. Indiana Department of Correction, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health

4

or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), quoting Farmer v. Brennan, 511 U.S. at 837-838.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Giving Mr. Perrey the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that he had a serious medical need and that some defendants may have refused him any treatment for his hepatitis while he was confined at the Westville Correctional Facility.

## II. EQUAL PROTECTION CLAIMS

In paragraphs 38 and 42 of his complaint, Mr. Perrey alleges that the defendants violated the Fourteenth Amendment's equal protection clause by "discriminating against" him. The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." In so providing, "the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Because Mr. Perrey doesn't allege that the defendants discriminated against him based on his race or any other protected class, he raises this claim as a "class of one." See Lauth v. McCollum, 424 F.3d 631 (7th Cir. 2005) (The paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action

5

other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen); Crowley v. McKinney, 400 F.3d 965 (7th Cir. 2005); Racine Charter One, Inc. v. Racine Unified Sch. Dist., 424 F.3d 677 (7th Cir. 2005). To raise a "class of one" claim, the plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Willowbrook v. Olech, 528 U.S. at 564.

According to his complaint, Plus Program Director Sandra Wallock told Mr. Perrey that "it would be too expensive to afford you some medical care for, the (Hepatitis-C) problem because there are already too many offenders in the custody of the Indiana Department of Correction who also have a problem with (Hepatitis-C) and if we start to treat these offenders the state would go bankrupt." (Complaint ¶ 26). Thus, Mr. Perrey doesn't allege that he is being treated differently than similarly situated inmates — those with Hepatitis C. Rather, he alleges that the defendants treated all inmates with Hepatitis C the same — by refusing to provide them medical treatment. Mr. Perrey states no claim under the equal protection clause because he does not allege that the defendants treated him differently from similarly situated individuals.

### III. DUE PROCESS CLAIMS

In paragraph 41 of his complaint, Mr. Perrey alleges that the defendants violated the Fourteenth Amendment's due process clause by taking away entitlements created by federal and state law and by IDOC Executive Directive #3.09. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of

6

life, liberty, or property, without due process of law." But Mr. Perrey's claim is not that the defendants deprived him of life, liberty or property without due process, it is rather that they deprived him of rights directly guaranteed by state and federal law.

Mr. Perrey asserts that the defendants deprived him of rights guaranteed by state law. But alleged violations of state law state no claim under 1983. Baker v. McCollan, 443 U.S. 137 at 140. Mr. Perrey asserts that the defendants violated the Fourteenth Amendment's due process clause by depriving him of rights created by Federal statutes. But violation of a Federal statute is not a due process claim under the Fourteenth Amendment; it is a substantive claim that the defendants violated a specific Federal statutory provision. Accordingly, this court will dismiss Mr. Perry 's due process claims, and address his claims as individual Federal statutory claims.

### IV. THE AMERICANS WITH DISABILITIES ACT

Mr. Perrey asserts that the defendants violated rights protected by 42 U.S.C.§ 12102, the Americans with Disabilities Act ("ADA"), Mr. Perrey alleges that the defendants discriminated against him because of a disability, and in his request for relief he asserts that Title II of the ADA prohibits discrimination against a qualified individual with a disability. Mr. Perrey states that because of his medical condition he qualifies as disabled for purposes of 42 U.S.C.§ 12102(2)(A).

The ADA applies to prison inmates. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998). But the essence of an ADA claim is discrimination and denial of access to jobs or to programs because a person is disabled. Mr. Perrey doesn't assert that the

7

defendants practiced employment discrimination against him or denied him access to prison programs because of his disability. Rather, he alleges that they "denied the Plaintiff access to adequate medical care and treatment." (Complaint at ¶ 4). This is not an ADA claim; it is a claim that the defendants violated the Eighth Amendment. Estelle v. Gamble, 429 U.S. at 106.

## V. THE REHABILITATION ACT

Mr. Perrey alleges that the defendants violated rights protected by 29 U.S.C.§ 794, which provides that persons with certain disabilities shall not "solely by reason of his or her disability, be excluded from the participation in, be denied benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance or under any program conducted by any Executive agency or by the United States Postal Service." § 794(a).

The purpose of § 794 is to increase employment of the handicapped, and this section was intended to reach employment discrimination. Consolidated Rail Corp. v. Darrone, 465 U.S. 624 (1984). The Rehabilitation Act was not intended to require prison officials to provide medical treatment to prisoners with a serious medical needs. Again, Mr. Perrey has tried to replead his Eighth Amendment deliberate indifference claim citing an inappropriate federal statute.

## VI. CONSPIRACY

In his second claim for relief, Mr. Perrey states that WCF Superintendent William Wilson, Correctional Medical Services ("CMS"), Prison Health Services ("PHS"), and John and Jane Doe defendants "conspired to deprive the Plaintiff of his right to be free from cruel and unusual punishment by being deliberately indifferent to the Plaintiff's serious medical needs . . .." (Complaint ¶ 52). A conspiracy only exists if there is both "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988). Mr. Perrey alleges that some of the defendants entered into an agreement that they would not treat inmates for Hepatitis C because of the cost, and that some of the defendants acted overtly to deny him treatment — though none of the defendants Mr. Perrey directly alleges took overt acts against him are among the defendants named in his conspiracy claim.

Mr. Perrey may not pursue claims against John Doe defendants until he has identified them. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Accordingly, the court will dismiss the Doe defendants. If Mr. Perrey is able to identify additional defendants through discovery, he may file a motion seeking to amend his complaint to add them as defendants. The court advises Mr. Perrey that if he discovers the identity of the Doe defendants, he must amend his complaint to name them and provide the materials necessary for the Marshals Service to serve them with process.

9

PHS and CMS, two of the defendants Mr. Perrey alleges conspired against him, are private corporations. The IDOC contracted with these corporate entities to provide medical care for prisoners confined at the WCF. PHS originally had the contract and was replaced later by CMS. PHS and CMS were not under contract to the IDOC at the same time, so they would not have been in a position to conspire with each other to deprive Mr. Perrey of treatment; his claim would have to be read that they conspired individually with Supt. Wilson at different times.

The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. Wyatt v. Cole, 504 U.S. 158, 161 (1992). But even assuming that corporate entities are "persons," for the purposes of 42 U.S.C. § 1983, they can only be defendants in a § 1983 action if senior corporate officials promulgated a policy, or acted in concert with state employees to deprive Mr. Perrey of treatment. PHS and CMS are entities who can violate a prisoner's rights only by adopting policies that deny needed medical treatment. The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

PHS and CMS cannot remain as defendants based only on the actions of their employees who worked at the WCF because the doctrine of *respondeat superior* has no application to § 1983 actions. Accordingly, the court will dismiss PHS and CMS, but will allow Mr. Perrey to proceed against individual PHS and CMS employees that may have

been deliberately indifferent to his serious medical needs by denying him needed treatment. Because this leaves only one defendant in his conspiracy claim, the court will also dismiss that claim.

## VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In his third claim for relief, Mr. Perrey states that "the acts and omissions of defendants were undertaken with deliberate indifference to cause the Plaintiff to suffer extreme emotional distress. (Complaint ¶ 55). "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Infliction of mental and emotional distress is not a separate substantive claim, but rather a species of damage claim.

Mr. Perrey alleges that he "suffered prolonged and extreme pain, constant malaise, body soreness and aches, diarrhea, headaches, [and] loss of appetite due to the unnecessary dely of urgently needed treatment." (Complaint ¶ 47). Accordingly, Mr. Perry has met the pleading requirements to seek damages for mental or emotional injury, and he may seek damages for mental and emotional suffering on the Eighth Amendment claim that the defendants denied him treatment for his Hepatitis C.

## VIII. SUPPLEMENTAL JURISDICTION

Mr. Perrey asserts that in addition to having jurisdiction over his federal claims, "[t]his court has further jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.§ 1367." (Complaint at p.2). Section 1367 codified the pendent jurisdiction doctrine to provide

11

that federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." Mr. Perrey may pursue his supplemental state law tort claims against the defendants on his failure to treat claim to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

## IX.  INJUNCTIVE RELIEF CLAIMS

Mr. Perrey seeks injunctive and declaratory relief as well as damages. But after submitting his complaint, Mr. Perrey was released from custody and is no longer confined in any penal institution. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996), quoting Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1988). Mr. Perrey's release from custody renders his requests for injunctive relief moot. O'Shea v. Littleton, 414 U.S. 488, 495 (1974); Martin v. Davies, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991); Higgason v. Farley, 83 F.3d at 811. A prisoner's release or transfer from one institution to another also renders his claims for declaratory relief moot. Higgason v. Farley, 83 F.3d at 811, citing Murphy v. Hunt, 455 U.S. at 482 (applying the capable-of-repetition doctrine without discrimination between claims for declaratory relief and claims for injunctive relief).

## X. DEFENDANTS

Mr. Perrey names the Indiana Department of Correction and the Westville

Correctional Facility as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC and the WCF as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

Mr. Perrey names Sandra Wallock and Kathy Zink, two employees of "Plus Program," as defendants. In paragraphs 27 and 28 of his complaint, he alleges that when he asked them why he was not being treated for Hepatitis C, these defendants ventured opinions as to why he was not being treated for his Hepatitis C. In paragraph 30, Mr. Perrey states that he gave "summarized information" to them to take to Assistant Superintendent Pazera, and that Ms. Zink eventually returned this material to him stating that Ms. Wallock had tried to deliver it to defendant Pazera, but that he told her he "didn't want to see it." (Complaint ¶ 30).

Mr. Perry does not allege that these defendants are responsible for providing him with health care or that they made any decisions about his medical treatment. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the

13

conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). That defendants Wallock and Zink may have voiced opinions as to why other defendants were not treating Mr. Perrey for Hepatitis C or that they may have unsuccessfully attempted to deliver information from Mr. Perrey to another prison official does not make them deliberately indifferent to his serious medical needs.

Mr. Perrey names IDOC Nursing Director Rose Vaisvilas as a defendant. In paragraphs 12 and 13 of his complaint, he states that in June 2005, a doctor ordered a liver biopsy, but paperwork came up missing. He states that he contacted Nurse Vaisvilas about the delay. According to Exhibit E attached to the complaint, Nurse Vaisvilas wrote Mr. Perrey a letter stating that she had looked into his concerns but that because of the lack of appropriate documentation, she was unable to determine why the medication had not been initiated. She stated that she had requested Dr. Amos, the new IDOC medical director to review his chart. Nothing in these allegations suggest that Nurse Vaisvilas was deliberately indifferent to Mr. Perrey's serious medical needs or was trying to prevent him from being evaluated or treated for Hepatitis C.

Mr. Perrey names Nurse Barbara Brubaker as a defendant. In paragraph 15 of his complaint, he states that he had obtained a doctor's order for a liver biopsy on September 27, 2005. When his appointment did not occur, he states that Nurse Brubaker told him the paper work had been lost. In paragraph 33, he alleges that Nurse Brubaker filled out paperwork to have him sent to an outside hospital for an ultrasound. In paragraph 36, he

14

states that she told him that he needed treatment because lack of treatment was damaging his liver. Nothing in any of these statements suggests that Nurse Brubaker was deliberately indifferent to Mr. Perrey's liver condition or responsible for any delay or denial of evaluation and treatment.

Mr. Perrey alleges that on May 2006, he contacted WCF Nursing Director Cindy Montgomery about the delay in getting his biopsy. He states that Nurse Montgomery responded that they were waiting on Wishard Hospital to make his appointment. He contacted her again on June 7, 2006, and she responded "your biopsy was approved, but Wishard Hospital is the one who schedules your appointment." (Complaint ¶ 31). Nurse Montgomery was not responsible for deciding whether he should have a biopsy or for scheduling the biopsy. That she responded to Mr. Perrey's health care request forms by advising him that Wishard Hospital was responsible for scheduling him for an appointment does not make her deliberately indifferent to his serious medical needs.

Mr. Perrey names Doctors Oliver Crawford and Jane Wahl as defendants. In paragraph 17 of his complaint, however, he states that on November 14, 2005, Dr. Wahl issued him an order for a liver biopsy, and in paragraph 25 he states that on "March 13, 2006, another order for a liver biopsy was written by Dr. Oliver W. Crawford." He makes no further allegations against these defendants. The complaint doesn't suggest that Drs. Amos and Wahl were deliberately indifferent to Mr. Perrey's liver condition; indeed both of them ordered the biopsy that was necessary to determine whether he needed treatment.

Mr. Perrey names housing complex Director Martha Black as a defendant. In paragraph 19, he says he filed a grievance with her, which was apparently never processed.

15

In paragraph 22, he alleges that he filed another grievance with her on February 22, 2006, that was processed through the final level of review. That a prison official ignores or denies a prisoner's grievance does not violate the prisoner's federally protected rights. Wilson v. VanNatta, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 2007 WL 804552 a*6 (7th Cir. November 9, 2007) (citations omitted).

## XI. CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants J. David Donahue, Dr. Elton Amos, William Wilson, Andrew Pazera, John Schrader, Sharon Hawk, Connie Morrow, and Dr. Howard Gerena, M.D. for damages in their personal capacity, including damages for mental and emotional injury, on his Eighth Amendment denial of medical treatment claims and his supplemental state law claims arising from the denial of medical treatment;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); DISMISSES defendants Rose Vaisvilas, Martha Black, Sandra Wallock, Kathy Zink, Prison Health Services, Correctional Medical Services, Cindy Montgomery, Dr. Oliver W. Crawford, M.D., Dr. Jane Wahl, M.D., Barbara Brubaker, the Indiana Department of Correction, the Westville Correctional Facility, and the John Doe defendants, and Jane Does, and DISMISSES all claims other than the Eighth Amendment denial of medical treatment claims and supplemental state law claims against defendants;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure;

(4) DIRECTS the marshals service to effect service of process on defendants J. David Donahue, Dr. Elton Amos, William Wilson, Andrew Pazera, John Schrader, Sharon Hawk, Connie Morrow, and Dr. Howard Gerena, M.D. on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: December  3 , 2007

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District