UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD PERREY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-617 AS |
| ) | |
| J. DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Edward Perrey, submitted the complaint in this case under 42 U.S.C. § 1983, asserting violation of his federally protected rights while he was confined at the Westville Correctional Facility. The court screened the complaint, dismissed several defendants and claims, and allowed Mr. Perrey to proceed against defendants J. David Donahue, Dr. Elton Amos, William Wilson, Andrew Pazera, John Schrader, Sharon Hawk, Connie Morrow, and Dr. Howard Gerena, M.D. for damages in their personal capacity on his Eighth Amendment denial of medical treatment claims and his supplemental state law claims arising from the denial of medical treatment. Defendants Hawk, Donahue, Amos, Wilson, Pazera, and Schrader have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that they are not mentioned by name in the body of the complaint. For the reasons stated in this opinion and order, the court denies the defendants' motion for judgment on the pleadings.

Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings may be granted if

the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted).

In his complaint, Mr. Perrey alleges that he was diagnosed with Hepatitis C and had a serious medical need for treatment — but that he received no treatment for years because several Indiana Department of Correction officials made a policy determination that the department would not treat inmates for Hepatitis C because of the cost involved. Although most moving defendants are not specifically mentioned in the body of the complaint, the complaint makes it clear that Mr. Perry believes they were responsible for establishing the policy that resulted in the denial of treatment.

Mr. Perrey alleged in his complaint that the defendants, including the moving defendants, were responsible for a policy decision not to provide medical treatment for his serious medical needs. These allegations are sufficient, under <u>Bell Atl. Corp. v. Twombly</u>, and <u>Alvarado v. Litscher</u>, to give the defendants "fair notice" of the grounds on which his claims against them rest. Accordingly, the court will deny the motion for judgment on the pleadings. If the moving defendants had no responsibility for, or involvement in, making decisions about overall medical treatment policy, or if they did not make the policy decision alleged by Mr. Perrey, they may move for summary judgment based on that ground.

For the foregoing reasons, the court DENIES the defendants' motion for judgment on the pleadings (docket #27).

SO ORDERED.

ENTERED: January  16 , 2008

                                      /s/ Robert L. Miller, Jr.  
                                    Chief Judge  
                                    United States District Court